1  FRIEDMAN STROFFE & GERARD P.C.
   Eoin L. Kreditor (SBN 151131)
2     ekreditor@fsglawyers.com
   Andrew R. Nelson (SBN 214895)
3     anelson@fsglawyers.com
   Robyn E. Frick (SBN 246927)
4     rfrick@fsglawyers.com
   19800 MacArthur Boulevard, Suite 1100
5  Irvine, California 92612-2425
   (949) 265-1100 Telephone
6  (949) 265-1199 Facsimile

7  Attorneys for Defendant/counterclaimant
   BRIXTON, LLC

8

9                UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

12  JOE'S JEANS, INC., and JOE'S          )   CASE NO. CV09-04753
13  JEANS SUBSIDIARY, INC.,               )   DSF (PJWx)
                                          )
14              Plaintiffs,               )
                                          )
15  v.                                    )   [PROPOSED] PROTECTIVE
                                          )   ORDER
16  BRIXTON, LLC, and BRIXTON, LLC        )
    dba BRIXTON LTD, LLC,                 )
17                                        )
                Defendants.               )
18                                        )   Complaint filed:   July 1, 2009
                                          )
19                                        )
    AND RELATED COUNTERCLAIMS            )
20                                        )
                                          )
21

22  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23       BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD

24  CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party

25  subject to this Order – including without limitation the parties to this action,

26  their representatives, agents, experts and consultants, all third parties

27  providing discovery in this action, and all other interested persons with

28

                                  1

1  actual or constructive notice of this Order – shall adhere to the following
2  terms:

3      1.   **Overview:**  Any person or party subject to this Order who
4  receives from any other person or party any information of any kind
5  provided in the course of discovery in the action (hereinafter "Discovery
6  Material") that is designated as "Confidential" and/or
7  "Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order
8  (hereinafter, the "Confidential Information" or "Confidential Discovery
9  Material") shall not disclose such Confidential Information to anyone else
10  except as expressly permitted hereunder.

11     2.   **Material Designated As "Confidential":**  The person or party
12  disclosing or producing any given Discovery Material may designate as
13  "Confidential" such portion of such material as the person or party in good
14  faith believes includes information that is not available to the public and is
15  confidential, proprietary, commercially sensitive, or constitutes a trade
16  secret. The parties, or some of them, request protection of such
17  information on the grounds that if disclosed it could be harmful to the
18  parties, or any of them, and that said information, if disclosed, could be
19  helpful to the competitors of the parties, or any of them, and that said
20  information therefore requires special protection from disclosure pursuant
21  to F.R.C.P. 26(c).

22     3.   **Disclosure Of "Confidential" Materials:**  No person or party
23  subject to the Order other than the producing person or party shall disclose
24  any of the Discovery Material designated by the producing person or party
25  as "Confidential" to any other person whomsoever, except to:

26         (a)   the parties to this action and Protective Order, including
27  their employees and former employees;

28         (b)   in-house (or corporate) legal counsel, and outside

2

1   attorneys retained specifically for this action, and fellow employees of each
2   such attorneys' law firms to whom it is reasonably necessary to disclose
3   such Confidential Discovery Material;

4             (c)    its author, its addressee, and any other person indicated
5   on the face of the document as having received a copy;

6             (d)    any employee or agent, or former employee or agent, of
7   any sender or recipient of the document (e.g. where a Purchase Order from
8   Company A to Company B is produced in litigation by Company A, said
9   document may be disclosed to employees or agents of Company B under
10  the terms of this Protective Order).

11            (e)    any person retained by a party to serve as an expert
12  witness or otherwise providing specialized advice to counsel in connection
13  with this action, provided such person has first executed a Non-Disclosure
14  Agreement in the form annexed as Exhibit A hereto;

15            (f)    stenographers   engaged   to   transcribe   depositions
16  conducted in this action and their support personnel; and

17            (g)    the Court and its support personnel;

18            (h)    any mediator or settlement officer, whom the parties have
19  elected or consented to participate in the case.

20            (i)    as required by law or court order upon notice to the
21  designating party sufficiently in advance of such disclosure to permit it to
22  seek a protective order.

23      4.    **Material Designated As "Confidential/Attorneys' Eyes
24  Only":** The person or party disclosing or producing any given Discovery
25  Material may designate as "Confidential/Attorneys' Eyes Only" such portion
26  of such material as the person or party in good faith believes contains
27  especially sensitive business, financial, or technical information.   Such
28  information may include sales figures, customers lists, profit and loss

1   calculations, sales projections, production costs, marketing costs, overhead
2   costs, business and marketing plans, research and development
3   information, and confidential nonpublic contracts. The parties, or some of
4   them, request protection of such information on the grounds that said
5   information is not ordinarily available to the public, that said information, if
6   disclosed, could be especially harmful to the parties, or any of them, and
7   that said information, if disclosed, could be helpful to the competitors of the
8   parties, or any of them, and that said information therefore requires special
9   protection from disclosure pursuant to F.R.C.P. 26(c).

10       5.    **Disclosure Of "Confidential/Attorneys' Eyes Only" Material:**
11  No person or party subject to this Order other than the producing person or
12  party shall disclose any of the Discovery Material designated by the
13  producing person or party as "Confidential/Attorneys' Eyes Only" to any
14  other person whomsoever, except to:

15           a)    outside attorneys retained specifically for this action, and
16  fellow employees of each such attorneys' law firms to whom it is reasonably
17  necessary to disclose such Confidential Discovery Material;

18           b)    outside experts and outside consultants (including their
19  employees or clerical assistants) who are employed, retained or otherwise
20  consulted by a party or its attorneys for the purpose of analyzing data,
21  conducting studies or providing opinions to assist, in any way, in this
22  litigation and to whom it is reasonably necessary to disclose such
23  Confidential Discovery Material, provided such person has first executed a
24  Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

25           c)    the party producing said documents and persons affiliated
26  with the party producing said documents, including the producing party's
27  employees and former employees (provided such former employee has first
28  executed a Non-Disclosure Agreement in the form annexed as Exhibit A

1  hereto), during the time they are testifying in deposition or at trial, or in
2  connection with written discovery requests;

3          d)    Any employee or agent of any sender or recipient of the
4  document (e.g. where a Purchase Order from Company A to Company B is
5  produced in litigation by Company A, said document may be disclosed to
6  employees or agents of Company B under the terms of this Protective
7  Order).

8          e)    stenographers    engaged    to    transcribe    depositions
9  conducted in this action;

10         f)    the Court and its support personnel

11         g)    any mediator or settlement officer, whom the parties have
12  elected or consented to participate in the case, and/or

13         h)    as required by law or court order upon notice to the
14  designating party sufficiently in advance of such disclosure to permit it to
15  seek a protective order.

16    6.    **Deposition Transcripts:**   With respect to the Confidential
17  portion(s) of any Discovery material other than deposition transcripts and
18  exhibits, the producing person or party or that person's or party's counsel
19  may designate such portion(s) as "Confidential" or "Confidential /Attorneys'
20  Eyes Only" by stamping or otherwise clearly marking as "Confidential" or
21  "Confidential/Attorneys' Eyes Only" the protected portion(s) in a manner that
22  will not interfere with its legibility or audibility.  With respect to deposition
23  transcripts and exhibits, a producing person or party or that person or party's
24  counsel may indicate on the record that a question calls for Confidential
25  Information, in which case the transcript of the designated testimony shall be
26  bound in a separate volume and marked "Confidential Information Governed
27  by Protective Order" by the reporter.

28    7.    **Documents Under Seal:**   The designation of documents or

1  information as "Confidential" or "Confidential/Attorneys' Eyes Only" creates
2  no entitlement to file such documents or information under seal. Civil Local
3  Rule 79-5 sets forth the procedures that must be followed and reflects the
4  standards that will be applied when a party seeks permission from the court
5  to file materials under seal.

6      8.  **Separate Non-Disclosure Agreements:** Prior to any disclosure
7  of any Confidential Discovery Material to any person referred to in paragraph
8  3a, 3b, 3e, 5a, 5b, and/or 5c above, such person shall be provided by
9  counsel with a copy of this Protective Order and shall sign a Non-Disclosure
10  Agreement in the form reflected in Exhibit A hereto. Said counsel shall retain
11  each signed Non-Disclosure Agreement, and upon request produce it to
12  opposing counsel either prior to such person being permitted to testify (at
13  deposition or trial).

14      9.  **Failure To Designate:** If at any time prior to the trial of this
15  action, a producing person or party realizes that some portion(s) of
16  Discovery Material that that person or party previously produced without
17  limitation, or without adequate limitation, should be designated as
18  "Confidential" and/or "Confidential /Attorneys' Eyes Only", that person or
19  party may so designate by so apprising all parties in writing, and providing
20  said parties with appropriately marked copies of said Discovery Material,
21  where possible, and such designated portion(s) of the Discovery Material will
22  thereafter be treated as "Confidential" and/or "Confidential/Attorneys' Eyes
23  Only" under the terms of this Order.

24      10.  **Designations In Good Faith:**   "Confidential" and/or
25  "Confidential/Attorneys' Eyes Only" material shall only include information
26  which the designating party in good faith believes will, if disclosed, have the
27  effect of causing harm to its competitive position.   "Confidential" and/or
28  "Confidential/Attorneys' Eyes Only" material shall not include information that

1   (a) was, is or becomes public knowledge, not in violation of this Protective
2   Order or any other obligation of confidentiality, or (b) was or is acquired from
3   a third party having no direct or indirect obligation of confidentiality to the
4   designating party.

5       11.   **Objections To Designations:**  Any party who either objects to
6   any designation of confidentiality, or who, by contrast, requests still further
7   limits   on   disclosure   (such   as   in   camera   review   in   extraordinary
8   circumstances), may at any time prior to the trial of this action serve upon
9   counsel for the designating person or party a written notice stating with
10  particularity the grounds of the objection or request.  If agreement cannot be
11  reached promptly, counsel for the objecting party may seek appropriate relief
12  from the Court in accordance with Civil Local Rule 37 and the party asserting
13  confidentiality shall have the burden of proving same.  If a party disagrees
14  with or challenges the grounds or basis for the designation of any document
15  or information as Confidential Material, that party nevertheless shall treat
16  and protect such material as Confidential Material in accordance with this
17  Protective Order unless and until all involved parties shall have agreed in
18  writing, or an order of the Court shall have been entered, that provides that
19  such challenged Confidential Material may be used or disclosed in a manner
20  different from that specified for Confidential Material in this Protective Order.

21      12.   **Use At Trial:**   Documents designated "Confidential" and/or
22  "Confidential/Attorneys' Eyes Only" may be used by any party without
23  limitation at trial.  However, any party who wishes to have such documents
24  treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" may
25  renew their request for confidentiality before the trial judge at the status
26  conference, through a motion *in limine* and/or as may be otherwise permitted
27  by the court.

28      13.   **Continuing Jurisdiction:**  This Court shall retain jurisdiction

1  over all persons subject to this Order to the extent necessary to enforce any
2  obligations arising hereunder or to impose sanctions for any contempt
3  thereof.

4      14.    **Obligations Upon Termination Of Litigation:** This Protective
5  Order shall survive the termination of the litigation.  Within 30 days of the
6  final disposition of this action, including all appeals, all Discovery Materials
7  designated as "Confidential," and/or "Confidential/Attorneys' Eyes Only" and
8  all copies thereof, that have not been annotated, illuminated or otherwise
9  "marked-up" shall be promptly returned to the producing person or party (at
10  the producing person's expense), if requested in writing by the producing
11  party or shall be destroyed.  All documents marked "Confidential," and/or
12  "Confidential/Attorneys' Eyes Only" that have been annotated, illuminated or
13  otherwise "marked-up" shall not be returned, but shall be destroyed.

14      15.    **Further Modifications:** Any party to this action, and any third
15  party producer may, at any time, request the modification of this Protective
16  Order, upon a noticed motion, unless emergency relief is appropriate, and
17  upon a showing of good cause.

18
19  **IT IS SO ORDERED.**
20
21  Date: 4/6/2010
22                              Hon. Patrick J. Walsh
                                United States Magistrate Judge
23
24
25
26
27
28

8

## EXHIBIT A
## NON-DISCLOSURE AGREEMENT

I understand that access to information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY is provided to me under the terms and restrictions of a Protective Order. I have received a copy of the Protective Order, have read it, and agree to be bound by its terms. I will not mention, disclose, or use information designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS EYES ONLY that is provided to me in connection with this action except as permitted by the Protective Order.

Dated: _____

Signature: _____

Print Name: _____

Title: _____

Company: _____

9